Johnson, J.
The affidavits submitted in support of the mo-make out substantially the case stated. Upon an enquiry rna(^e ^ the jury room as to the character of a female witness who had been sworn for the plaintiff, one of them (George M, Lm’ry) stated that he had understood she was “the kept mistress of the plaintiff,” and Perry himself swears that he had heard such a report. Some of the jury say that their opinions were influenced by this sentiment, and others that it had no . „ ,» J innUGIlCG OH tilGill.
The oath usually administered to the jurors in the Common Pleas, well and truly to try the issue joined between the parties, “aud a true verdict give according to the evidence,” contains a very correct summary of the law on this subject. The jury are bound to give their verdict according to the evidence, atK^ what is or is not competent evidence belongs to the Court, and not to the jury, to determine. Generally speak-mg, therefore, a verdict founded on facts first disclosed in the jury room would be bad, although the facts are known to one of the jury ; because it is unfair not to give the party against whom they operate, an opportunity of repelling or explaining them. In an anonymous case in Salk. 405. *507 pt. 3, it is said, that if a juror know, of his own knowledge, any thing material to the matter in issue, the fair way is to tell the Court, so that he may be sworn as a witness.
This rule must be understood, however, with some limitations. The constitution of the trial by jury pre-supposes that they will act in some degree from their own knowlege of the character of the parties and their witnesses. Tt is for this reason that the jurors are drawn from the vicinage, and any effort to restrain by rule the influence of the many collateral circumstances which enter into almost every complicated case, from having their own weight in the consideration of a jury, would be as vain as to attempt to prescribe rules for the operation of the human mind. In Bacon, Ab. Tit. Juries, M. 1. it is said, that “it is not so easy to attaint a jury for finding a verdict against evidence, because they may have evidence of their own cognizance of the matter before them, or they may find on distrust of the witnesses on their own proper knowledgeand that it must be so, will occur to every one who reflects on the organization of the jury, and the nature of the service they are required to perform. They are, as before remarked, collected from the vicinage, and in nine cases out of ten, it is more than probable that all of them cannot be wholly ignorant of the matters in dispute, or of the character of the parties and witnesses, and it is expecting too much of human nature to suppose, even if it was desirable, that this knowledge should not enter into the judgement which they pronounce on the facts. It ought to be so, for little in' cidents which cannot be developed in evidence, and which may be well understood by a jury, very often stamp upon a transaction its true character, and this is more particularly true with regard to the credibility of witnesses. The character of one witness may be above suspicion, whilst that of another may be so infamous as to render him wholly unworthy of credit; with respect to these there can be no difficulty, but no rule can reach all the diversities between these extremes, and their credit must be resolved by the personal knowledge and sound discretion of a jury.
The objection here is, that one of the jury stated to his companions a fact, imputing moral turpitude to one of the plaintiff’s witnesses, and consequently calculated to lessen her credibility. Supposing that the consultation of a jury is conducted in the most appropriate manner, the first inquiry which would present itself after they had retired to their room to consider of their verdict, would be whether thefacts sworn to are true, or rather, whether the witnesses were worthy of credit. To this any juror is bound to respond according to his own conscience, and if he is restrained from giving his reasons for his. *508 opinion* an<I each were to act from his own knowledge, it is not probable that they would ever agree. We know from experience, that in questions admitting of any doubt, the only p0SSi{>le means of arriving at unanimity, of opinion amongst many, is by a free interchange of thought, and to deny it to a jury would be to defeat the object of the trial by jury.
M’Willie, for the motion.
Here the credibility of one of the plaintiff's witnesses was the subject of enquiry, and one of the jurors stated a fact that he had heard derogatory to her character, but he stated it as a rumour, without in any manner giving it his own sanction; and however we may deprecate the introduction of new matter into the jury room affecting the case in hand, it strikes me that to exclude matter of this sort, would be to strip the trial by jury of one of its most valuable appendages — the right of weighing the credibility of the witnesses.
Motion dismissed.
O’Neall and Harper, Js. concurred.